O’NIELL, Chief Justice.
 

 The plaintiff has appealed from a judgment of nonsuit. The defendant, testamentary executor, answering the appeal, prays for an amendment of the judgment so as to reject the plaintiff’s demand finally.
 

 The suit is founded upon the allegation that a verbal contract was entered into between the plaintiff and the late Ulisse Marinoni, Jr., to the effect that the plaintiff, Macaluso, was to have half of the attorney’s fees collected by Marinoni as attorney for the Italian Homestead Association, and that Marinoni was to have half of the notarial fees collected by Macaluso as notary public for the association. The plaintiff annexed a detailed statement to his petition, showing the amount and source of the fees alleged to have been collected by Marinoni, amounting to $4,699.61, and the number and amount of payments alleged to have been made, amounting to $600; and the plaintiff prayed for judgment for the balance, $4,099.61. The executor, answering the suit, denied, for want of sufficient information to justify a belief, that there was any such contract as the plaintiff alleged there was; and, further answering, the executor averred that, in his examination into the affairs of the deceased, he had found that the deceased had made many payments to the plaintiff during the period referred to in the petition; and, on such information and belief, the executor averred that all amounts owed by the deceased to the plaintiff had been paid by the deceased. The plaintiff afterwards abandoned his claim as to several items on the account annexed to his petition, and voluntarily took a judgment of nonsuit on these items, amounting to $1,858.70.
 

 When the case was called for trial, the attorney for the plaintiff suggested to the judge that the executor had pleaded payment of the debt sued for, and had thereby assumed the burden of proving that the amount claimed
 
 *387
 
 by the plaintiff had been paid by the deceased. The judge so ruled, and, over the protest of the defendant’s attorney, announced that the plaintiff would be entitled to a judgment for the amount sued for unless the executor proved payment of the debt. The attorney for the plaintiff, therefore, submitted the case on the pleadings and the ruling of the judge; and the attorney for the executor succeeded in proving several payments, amounting to $219.27. The judge, therefore, gave judgment in favor of the plaintiff for $2,021.27, being the amount sued for, less the items abandoned by the plaintiff, and less the amount of the payments which the executor proved.
 

 Thereafter, the judge realized that he was mistaken in maintaining that the executor had acknowledged the debt by pleading that whatever sums were owed by the deceased were paid by him; and, on motion of the executor, the judge granted a rehearing, or new trial.
 

 The executor filed a supplemental answer, averring that he had found copies of letters in the records of the deceased, indicating that there was a verbal agreement between the plaintiff and the deceased, to the effect-that the plaintiff was to receive a third of the fees collected by Marinoni as attorney for the Italian Homestead Association, and that Marinoni was to receive half of the fees collected by the plaintiff as notary for the association. The executor averred in his supplemental answer that the -deceased had paid whatever he owed under the agreement, but that the plaintiff had failed to account for what he owed to the. deceased; hence the executor asked for an accounting from the plaintiff.
 

 When the case was called for trial again, the attorney for the plaintiff moved to strike out the supplemental answer of the executor, on the ground that it came too late and was not consistent with the original answer. The judge overruled the motion, and allowed the supplemental answer to be made, on the ground that the executor had based his original answer upon such information as was available at the time, and should not be held strictly to the answer if the information on which it was made was incorrect or incomplete. The ruling was correct. A succession representative, answering for the deceased person, is not obliged or presumed to be as well acquainted with the affairs of the deceased as he is of -his own affairs. The ancient sages had the same idea, as explained in Partida Seventh, Title XXXIY, Bule 30, viz.:
 

 “They [meaning the ancient sages] also said that he who succeeds to another has a just cause to be ignorant, whether what he demands, or is demanded of him, as heir, be right or wrong.”
 

 On the second- trial of the ease the plaintiff stood upon the ruling which the judge had made on the former trial, that the burden of proof was upon the executor to prove payment of the debt, and the plaintiff therefore rested his case upon the pleadings, and the record of -the former trial; but, on an objection by the executor’s attorney, the judge ruled, correctly, that the trial should be had anew. The executor did not offer any evidence. The case was submitted, therefore, without any evidence to support the plaintiff’s claim.
 

 
 *389
 
 Our opinion is that the judgment of nonsuit is correct. The judge was wrong in his original ruling that the executor had pleaded payment, in the sense of acknowledging that the claim sued for was a just claim, if not paid. The executor’s answer was, in effect, a denial of any indebtedness on the part of the succession of the deceased, and an averment that, if there ever was any such debt, it was paid by the deceased. There is no inconsistency in such pleading on the part of the representative of the succession of a deceased person.
 

 Inasmuch as the plaintiff was misled by the original ruling of the judge on the so-called plea of payment, and did not understand that the granting of a rehearing, or new trial, had the effect of a withdrawal of the ruling, we agree with the judge that the plaintiff was entitled to the judgment of nonsuit, instead of a judgment finally rejecting his demand.
 

 The judgment is affirmed.